**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Runyan, | No. CV 11-983-PHX-RCB (MEA) |
| vs. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

On January 5, 2011, Plaintiff Jason Lee Runyan, who is represented by attorney Keith M. Knowlton, filed a Complaint in the Maricopa County Superior Court raising civil rights claims under 42 U.S.C. § 1983 and state law claims. On May 17, 2011, Defendants City of Phoenix, Price, Seitter, Authement, and Middleton filed a Notice of Removal (Doc. 1). The Court will order Defendants to answer the Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**TERMPSREF**

## II. Complaint

Plaintiff names the following Defendants in the Complaint: City of Phoenix; Phoenix Police Officers Jared Price, Alaa Bartley, David Seitter, Wood, Jeff Middleton, and Brian Authement; and the spouses of the individually named Defendants.

Plaintiff alleges that he was subjected to the excessive use of force during his January 7, 2010 arrest. Plaintiff alleges claims of: gross negligence/negligence (Count One), excessive force (Count Two), and violations of Plaintiff's civil rights (Count Three).

Plaintiff seeks money damages.

The Court has reviewed the Complaint and finds that Plaintiff's allegations adequately state a claim for relief. The Court will require Defendants to answer the Complaint.

**IT IS ORDERED:**

(1) Defendants must answer the Complaint.

(2) Plaintiff must either serve each Defendant not already served[1] or seek a waiver of service for each Defendant not already served.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(4) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

---

[1] Defendant Wood appears to be the only named Defendant not yet served.

1    (6)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3 under 28 U.S.C. § 636(b)(1).

4    DATED this 20th day of May, 2011.

```
                    Robert C. Broomfield
                    Senior United States District Judge
```